UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20701-CIV-HOEVELER

MARYLA MADURA,

    Plaintiff,

v.

CITY OF NORTH MIAMI BEACH,
ANTONIO MARCIANTE, individually,
and TONY SANCHEZ, individually,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE comes before the Court on Defendant City of North Miami Beach's post-verdict Motion for Judgment as a Matter of Law, and to Alter or Amend Judgment, and Renewed Motion to Dismiss. Plaintiff filed a response in opposition and Defendant filed a reply. Upon consideration of the parties' arguments, the relevant case law, and the record as a whole, the City's Motion for Judgment as a Matter of Law is GRANTED, for the reasons stated below.

### I. BACKGROUND

    **A. Summary of Facts**

On June 25, 2002, at approximately 7:30 p.m., Maryla Madura ("Plaintiff") entered a Taco Bell parking lot, and then hurriedly exited after she observed several men dressed in all black and armed with guns. Unbeknownst to her, City of North Miami Beach officers were arresting the subject of a reverse sting operation involving one thousand MDMA Ecstasy pills, and the police also were awaiting the arrival of a female suspect in connection with the purchase. Observing the

1

Plaintiff's prompt exit from the parking lot, officers believed that Plaintiff was the individual they awaited. Officer Antonio Marciante ("Marciante") subsequently received an order to pursue the Plaintiff's vehicle as it was thought that the Plaintiff was involved in the drug transaction. Officers Marciante, Christopher Starnes, and Eric Davis pursued the Plaintiff and positioned their vehicle in front of Plaintiff's car. The three officers then approached Plaintiff's vehicle and repeatedly directed her to exit and raise her hands. Plaintiff testified that she heard and understood the officers' directives but was frightened and unsure of who the men were or what was occurring.

With at least three officers near her car, and one standing in the narrow space between her car and the police vehicle, Plaintiff remained in her car with her hands on the steering wheel. It is at this point that the parties' accounts diverged at trial. Plaintiff testified that, after some hesitation, she unfastened her seat belt and unlocked the door, and that her car remained stationary throughout. She also testified that Marciante forcibly removed her from her car by her hair and neck, threw her on the ground so that her face came into contact with the concrete, and knelt on her back while handcuffing her. Officers Marciante, Starnes, and Davis all testified that Plaintiff struck the police vehicle with her car and that they believed Plaintiff was attempting to flee. Marciante and Davis also testified that Marciante removed Plaintiff from her vehicle by grabbing her around her shoulder area.

After transporting Plaintiff back to the Taco Bell parking lot, officers discovered their mistake as to the Plaintiff's identity. The officers explained to Plaintiff their mistaken belief that she was involved in the drug transaction and apologized for the incident. The entire episode—from pursuit to apology—took fifteen to twenty minutes.

**B. Procedural History**

The Plaintiff originally brought this civil rights action in state court and the Defendants successfully removed it to this Court. The Plaintiff was granted leave to amend her complaint

2

three times. In its final iteration, the six-count Complaint alleged violations of 42 U.S.C. § 1983 for deprivations of Plaintiff's Fourth Amendment right to be free from unreasonable seizure against the City of North Miami Beach (Count II) and Officers Antonio Marciante ("Marciante") and Tony Sanchez ("Sanchez"), individually (Count I). The Complaint also set forth state law claims against the City for false arrest/false imprisonment (Count III), assault (Count IV), and battery (Count V), and against Sanchez, individually, for intentional infliction of emotional distress (Count VI).

The Court granted summary judgment in favor of the City as to Plaintiff's 42 U.S.C. § 1983 Monell claim and her false arrest/false imprisonment claim, and in favor of Sanchez on the Plaintiff's § 1983 excessive force claim. At the close of the evidence at trial (on November 17, 2010), the Court also granted Defendants' motion for judgment as a matter of law in favor of Sanchez on the intentional infliction of emotional distress claim. Thus, the only claims submitted to the jury were: (1) the federal excessive force claim against Officer Marciante under 42 U.S.C. § 1983 alleging Marciante had used excessive force in violation of the Fourth Amendment and (2) the claim against the City alleging that Marciante's use of force against Plaintiff was excessive and constituted assault and battery for which the City was liable.[1] It is undisputed that both the plaintiff's federal and state law claims were predicated on the same facts, events, and circumstances: Marciante's use of force during the arrest. Both claims were also premised on the same central question: the reasonableness of the force used to effectuate the arrest. After a seven-day trial, the jury returned a verdict in favor of Officer Marciante, finding that he had not used excessive force to arrest the Plaintiff. However, the jury found that Marciante had assaulted

---

[1] Florida law protects police officers and other state agents from individual civil liability where their actions are committed "within the scope of their employment" and they did not act in "bad faith, or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights, safety, or property." FLA. STAT. § 768.28(9)(a) (2011). Under Florida law, "[t]he exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions ... shall be by action against the governmental entity." Id.

and/or battered the plaintiff under Florida law and imputed vicarious liability on the City, awarding Plaintiff sixty-five thousand dollars ($65,000).

## C. Renewed Motion for Judgment as a Matter of Law

Following the jury's verdict, the City made a timely renewed motion for judgment as a matter of law[2] in its favor on the state law assault and battery claim pursuant to Federal Rule of Civil Procedure 50(b).[3]

Because a Rule 50(b) motion may only be analyzed as question of the sufficiency of the evidence, "the jury's particular findings are not germane to the legal analysis." Chaney v. City of Orlando, 483 F.3d 1221, 1251 (11th Cir. 2007). In other words, the Court does not look at whether the verdict is internally inconsistent; rather, it looks at whether the challenged verdict should stand. Thus, this Court must "limit[ ] its inquiry as to whether there was sufficient evidence in the record to support a jury's finding ... and its imposition of liability." Chaney, 483 F.3d at 1228. In the instant case, the challenged verdict is the jury's decision that the City is liable for assault and/or battery. Accordingly, the Court must determine whether the City is entitled to judgment as a matter of law by examining whether the Plaintiff produced sufficient evidence to

---

[2] When, as here, a party renews its motion for judgment as a matter of law post-verdict, Rule 50(b) mandates that the motion be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a). Fed. R. Civ. P. 50(a), (b); e.g. Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 902-03 (11th Cir. 2004). In the Eleventh Circuit, strict identity of the issues is not required. Howard v. Walgreen Co., 605 F.3d 1239, 1243 (11th Cir. 2010). Rather, the Eleventh Circuit has held that Rule 50's mandate and purpose are satisfied where the original and renewed motions' grounds are "closely related" Nat'l Indus., Inc. v. Sharon Steel Corp., 781 F.2d 1545, 1548-49 (11th Cir. 1986) or address "the central question in the case." Rankin v. Evans, 133 F.3d 1425, 1433 (11th Cir. 1998). In the case at bar, the City made written and oral motions pursuant to Rule 50(a) and the Court has sufficient basis to entertain the argument in the City's renewed motion under Rule 50(b) because: the City's original oral motion encompassed the argument presently asserted in its renewed motion, the reasonableness of the force was the central issue of the case, and the Plaintiff was placed on notice by the Defendants' motions regarding the sufficiency of the evidence adduced for the state law assault and battery claim. Moreover, Plaintiff has failed to raise the issue as to whether the City properly preserved the argument asserted in its renewed motion and thereby waived this issue on appeal. Howard v. Walgreen Co., 605 F.3d at 1243-44 (11th Cir. 2010)(where "a party fails to raise the inadequacy of a Rule 50(a) motion in response to a Rule 50(b) motion, that party is precluded from raising the issue on appeal").

[3] Plaintiff has not filed a cross-motion for judgment as a matter of law. Neither party has moved for a new trial.

4

support the jury's finding that Marciante assaulted and/or battered the Plaintiff and thereby impose liability on the City.[4]

## II. LEGAL STANDARDS

### A. Rule 50: Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 "is the mechanism for defendants to challenge the sufficiency of a plaintiff's evidence at and after the close of the case." Ruizdelatorre v. City of Miami Beach, No. 06-21183-CIV, 2008 WL 5381431, at *13 (S.D. Fla. Dec. 22, 2008). Under Rule 50, a court should grant a motion for judgment as a matter of law where "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue." Fed. R. Civ. P. 50(a)(1), (b). "[T]o survive a defendant's motion for judgment as a matter of law ... the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim." Bogle v. Orange County Bd. Of County Comm'rs, 162 F.3d 653, 659 (11th Cir. 1998). "Judgment as a matter of law for the defendant is due when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. Fla. 2005).

### B. Assault and Battery By Police During Arrest

The Supreme Court has long recognized that officers are entitled "to use some degree of physical coercion or threat thereof to effect" an arrest. Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The Eleventh Circuit has also recognized that "the use of force is an expected, necessary part of a law enforcement officer's task of subduing and securing individuals suspected of committing crimes." Lee v. Ferraro, 284 F.3d 1188, 1200 (11th Cir.

---

[4] The Court does not accept defense counsel's invitation to rule based on the apparent inconsistency of the verdict. As required under Chaney, the Court has assessed the sufficiency of the evidence independent of the jury's findings. 483 F.3d at 1228.

5

2002). "Pursuant to Florida law, police officers are entitled to a presumption of good faith in regard to the use of force applied during a lawful arrest and officers are only liable for damage where the force used is **clearly excessive**." Davis v. Williams, 451 F.3d 759, 768 (11th Cir. 2006)(quoting City of Miami v. Sanders, 642 So.2d 46, 47 (Fla. 3d DCA 1996)(emphasis added)). To determine whether the amount of force used was excessive the Court must "focus[ ] upon whether the amount of force used was **reasonable under the circumstances**." Sullivan v. City of Pembroke Pines, 161 F.Appx. 906, 907 (11th Cir. 2006)(per curiam)(quoting City of Miami v. Sanders, 642 So.2d at 47)(emphasis added).

Case law from the Eleventh Circuit and other courts of the District makes clear that "the analytical framework for a Fourth Amendment claim is helpful in determining whether the officers' use of force was reasonable under the circumstances" under Florida law.[5] Sanchez v. Obando-Echeverry, 716 F. Supp. 2d 1195, 1202 (S.D. Fla. 2010)(exclusively applying the Fourth Amendment reasonableness standard to a Florida law battery claim). E.g. Sullivan, 161 F.Appx. 906, 907 (11th Cir. 2006).[6] Accordingly, the Court's analysis of the reasonableness of Marciante's

---

[5] To determine "whether the amount of force used was reasonable under the circumstances" under Florida law, several courts have applied the Fourth Amendment objective reasonableness standard. Davis v. Williams, 451 F. 3d at 768 (referring to the federal excessive force reasoning for its conclusion on the Florida battery claim); Sullivan v. City of Pembroke Pines, 161 F.Appx. at 907 (same); Jessup v. Miami-Dade County, No. 08-21571-CIV, 2010 WL 883684, at *9 (S.D. Fla. Mar. 10, 2010)(same); Denson v. U.S., 574 F.3d 1318 (11th Cir. 2009), reh'g denied, 400 F.Appx. 551 (11th Cir. 2009), cert. denied, 130 S. Ct. 3384, 177 L. Ed. 2d 302 (2010)(Carnes, J. concurring)("Florida law does not impose liability on law enforcement officers who act in a reasonable and constitutional manner in carrying out their duties"); Dalrymple v. U.S., 460 F.3d 1318, 1327 (11th Cir. 2006)("use of force was objectively reasonable, and thus privileged under Florida law"); DaSilva v. Lamberti, No. 08-62106-CIV, 2010 WL 680925, at *1 (S.D. Fla. Feb. 24, 2010)("[T]he elements and defenses of a battery claim against a law enforcement officer under Florida law are the same as those of an excessive force claim under the Fourth Amendment."); Lehman v. Scott, No. 2:08-CV-530, 2009 WL 191100, at *13 (M.D. Fla. July 1, 2009)("The same analysis for an excessive force claim under the Fourth Amendment applies to a battery claim for excessive force under Florida law."); Bush v. City of Tallahassee, No. 4:06cv415-SPM, 2007 WL 2973047, at *3 (N.D. Fla. Oct. 9, 2007).

[6] At least three other Circuits apply the Fourth Amendment reasonableness standard when analyzing the common law claims for assault and battery arising during the course of an arrest. See Parker v. Town of Swansea, 310 F. Supp. 2d 356, 369 (D. Mass. 2004)(quoting Dean v. Worcester, 924 F.2d 364, 369 (1st Cir. 1991)("The standard for determining if force is reasonable for assault and battery claims [under Massachusetts law] is essentially the same as the standard for determining if force is reasonable for Fourth Amendment excessive force claims. [A] plaintiff's assault and battery claims will rise or fall in the same manner as his Fourth Amendment claims."); Essex v. Prince George's County Maryland, 17 F.Appx. 107, 117 (4th Cir. 2001)(upholding district court's grant of new trial and finding the verdict irreconcilable where "the plaintiffs' battery and constitutional claims ... hinged on the same

use of force, and thereby the City's liability, will center on the Fourth Amendment "reasonableness standard." Graham v. Connor, 490 U.S. at 396. The reasonableness inquiry is an objective one, which requires the Court to determine "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002). The Court may "not use hindsight to judge the acts of police officers" Rodriguez v. Farrell, 280 F.3d 1341, 1352 (11th Cir. 2002) because "after the uncertainty and the excitement of the moment have passed, [retrospection] will nearly always reveal that something different could have been done if the future was known before it occurred." Robinson v. Arrugueta, 415 F.3d 1252, 1256 (11th Cir. 2005), cert. denied, 546 U.S. 1109, 126 S. Ct. 1063, 163 L. Ed. 2d 887 (2006)(internal quotations omitted).

The reasonableness of an officer's use of force is first analyzed by comparing "[t]he quantum of force used" in the case at bar with those "sustained in other contexts." Durruthy v. Pastor, 351 F.3d 1080, 1094 (11th Cir. 2008). Courts applying Florida law have also found "the use of *de minimis* force to be determinative" of liability for state excessive force claims. Sanchez, 716 F. Supp. 2d at 1202 (S.D. Fla. 2010). Even where the use of force is not *de minimis* it may nonetheless be reasonable under the circumstances. In determining whether an officer's use of force was objectively reasonable "a court must evaluate several factors, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002)(quoting Graham, 490 U.S. at 396).

---

underlying contentions" and "the jury found in favor of the plaintiffs on the battery claims and in favor of the defendants on the constitutional claims"); Ortega v. City of Oakland, No. C07-02659 JCS, 2008 U.S. Dist. LEXIS 851183, at *36-37 (N.D. Cal. Oct. 8, 2008)(granting summary judgment for officer on assault and battery claims because the officer's actions were reasonable and relying on Ninth Circuit precedent to state that "[t]he Fourth Amendment standard of reasonableness also applies under California law.").

## III. DISCUSSION

The question before the Court is whether the Plaintiff produced sufficient evidence to support the jury's verdict in her favor on the assault and battery claims against the City. At trial, Plaintiff had the burden of establishing her assault and battery claims. To prevail, Plaintiff had to rebut the presumption of good faith prescribed by Florida law, and establish by the greater weight of the evidence that Marciante's use of force was "clearly excessive" and unreasonable under the circumstances. Ruizdelatorre v. City of Miami Beach, 2008 WL 5381431, at *14 (S.D. Fla. Dec. 22, 2008); e.g. Davis v. Williams, 451 F.3d 759, 768 (11th Cir. 2006). The City, throughout the entire case and in its motions for judgment as a matter of law, disputes that the force was excessive and argues that Marciante's use of force was *de minimis*, committed in good faith, and reasonable under the circumstances. To be sure, the City could only be held liable for an assault and battery committed by Marciante if his use of force was "clearly excessive" and not "reasonable under the circumstances." City of Miami v. Sanders, 672 So. 2d at 47. Plaintiff contends that the evidence was sufficient for a reasonable jury to find in her favor on the claims against the City.[7]

For the reasons detailed below, this Court finds that "no reasonable factfinder could conclude that an excessive amount of force was used in the course of arresting Plaintiff, based on the circumstances at the time of the arrest." Sanchez, 716 F. Supp. 2d at 1198. Therefore, no assault or battery occurred and it is appropriate to enter judgment as a matter of law in favor of the City.

### A. The Force Applied Was *De Minimis* And Therefore Not Clearly Excessive

Plaintiff's testimony was that on June 25, 2002, Officer Marciante pulled her by her hair and neck out of her vehicle, threw her on the ground so that her face came into contact with the

---

[7] In Response to the City's Motion for Judgment as a Matter of Law, the Plaintiff simply makes the bare assertion that her testimony alone was sufficient to support the jury's verdict in her favor for the assault and battery claim. (Pl.'s Reply to Def.'s Rule 50(b) Mot. 1).

concrete, and knelt on her back while handcuffing her. Officers Marciante and Davis testified that Marciante seized the Plaintiff by her shoulder area. The jury heard testimony that officers were operating under the misapprehension that Plaintiff was involved with a drug transaction and was attempting to evade arrest. Plaintiff admitted that she heard the officers' repeated directives to exit the vehicle but did not comply immediately.

Forcibly removing a plaintiff from a vehicle has been held to be within the ambit of *de minimis* force. In Sosa v. Hames, the court held that, despite the concomitant injuries, "the act of pulling Sosa from the car and throwing him on the ground [face down] before handcuffing him is less severe than other behavior the Eleventh Circuit has determined to be reasonable and *de minimis*." 581 F. Supp. 2d 1254, 1277 (S.D. Fla. 2008)(Altonaga, J.). Similarly, in Ainsworth v. City of Tampa[8], No. 8:10-cv-293-T-23TGW, 2010 WL 2220247, at *3, 18 (M.D. Fla. June 2, 2010), where the plaintiff alleged that the officer forcibly removed him from his vehicle and slammed his body to the ground with enough force to render him unconscious and cause severe neck and shoulder injuries, the court held that "[u]nder the circumstances ... forcibly removing Ainsworth from the vehicle ... falls in the realm of de minimis force." The Ainsworth court found the force *de minimis* even though the plaintiff did not physically resist arrest nor threaten the officer but was simply "not fully compliant with [the officer's] commands." Id. at *9, 14-18.

---

[8] In Ainsworth, the district court dismissed Ainsworth's excessive force and Florida battery claims without prejudice and permitted him to amend his complaint. 2010 WL 2220247, at *23 (M.D. Fla. June 2, 2010). The court subsequently granted the officer summary judgment on the excessive force and Florida battery claims. 2011 WL 1791291, at *30, 31 (M.D. Fla. May 10, 2011)(finding that although "[a]t best, these circumstances would permit only a *de minimis* level of force by an arresting officer ... his claim for excessive force fails as a matter of law ... [because] the force employed appears quite similar to that found reasonable in a number of cases in this Circuit.").

9

In <u>Chaney v. City of Orlando</u>[9], the plaintiff adduced evidence at trial that the officer had stopped Chaney because his license plate was obscured. 483 F.3d 1221, 1222-1223 (11th Cir. 2007). Chaney exited the vehicle to inquire the reason for the stop and was commanded by the officer to return to his vehicle. <u>Id.</u> at 1223. Complying with the officer's orders he entered his vehicle, left "the door still cracked, and placed his hands in his lap with his driver's license in his hand." <u>Id.</u> The officer then reached into the vehicle to pull the keys out of the ignition, and Chaney blocked his hand. <u>Id.</u> The officer "then grabbed Chaney's arm and twisted it behind his back, grabbed Chaney by the neck in a 'choke hold,' and pulled Chaney out of the car." <u>Id.</u> The Eleventh Circuit, reviewing the retrial, affirmed the district court's grant of judgment as a matter of law in favor of the officer, which "inferred that the force that [the officer] used on Chaney was *de minimis*." 291 F.Appx. 238, 240 (11th Cir. 2008). It held that the officer was entitled to qualified immunity because "[t]here was no evidence at trial indicating that Cute's conduct of physically grabbing Chaney, pulling him out of his car, throwing him to the pavement, handcuffing him, using his Taser on Chaney's back, or putting his foot on Chaney's head was so obviously wrong that he would have known that it was unlawful and Chaney has cited no case law that would have provided Cute with such notice." <u>Id.</u> at 244.

The act of applying pressure to an arrestee's back with a foot or a knee has also been held *de minimis* by the Eleventh Circuit. In <u>Croom v. Balkwill</u>, No. 09-16315, 2011 WL 2637437, at *8 (11th Cir. July 7, 2011), this Circuit held that the force an officer used to push an elderly plaintiff to the ground and immobilize her by applying pressure to her back with a foot or knee for up to ten minutes was *de minimis*. <u>See also</u> <u>Sullivan v. City of Pembroke Pines</u>, 161 F.Appx. 906, 907

---

[9] In <u>Chaney</u>, 483 F.3d 1221 (11th Cir. 2007), the Eleventh Circuit reversed the district court's grant of judgment as a matter of law for improperly relying on the jury's special verdict findings to grant the defendants' Rule 50(b) motion, and remanded the case. In <u>Chaney</u>, 291 F.Appx. 238 (11th Cir. 2008), the Eleventh Circuit reviewed the retrial and affirmed the district court's second grant of post-verdict judgment as a matter of law in favor of the defendants. Although the second appellate decision does not detail the facts, it is reasonable to assume the facts elicited on retrial were not materially different from those the original appellate decision recites.

(11th Cir. 2006)(per curiam)(holding that officer forcing plaintiff on the ground and placing his knee on her back while he handcuffed her was *de minimis*).

In light of the foregoing precedent, this Court finds that the testimony and evidence in the record was insufficient, as a matter of law, to overcome the presumption of good faith and establish by the greater weight of the evidence that Marciante's use of force was clearly excessive. Ruizdelatorre, 2008 WL 5381431, at *15. The force used by Marciante was *de minimis* and therefore "does not rise to the level necessary to impose liability against" the City. Id.

### C. The Force Applied Was Reasonable Under the Circumstances

Even if the force applied by Marciante was more than *de minimis*, the Court finds that the evidence adduced at trial was insufficient for the jury to find Marciante's actions in removing Plaintiff from her car were unreasonable under the circumstances, given (1) the severity of the perceived crime at issue,[10] (2) Marciante's reasonable, albeit mistaken, belief that Plaintiff was evading arrest, and (3) Marciante's concern for the safety of a fellow officer.[11]

#### 1. Severity of the Perceived Crime At Issue

The officers suspected that the Plaintiff was connected to a drug purchase that involved one thousand (1,000) M.D.M.A. Ecstasy pills and eight to ten thousand dollars ($8,000 to $10,000). Under Florida law, such a purchase of a Schedule I controlled substance is a "felony in the first degree". FLA. STAT. § 893.135(1)(k)(1).[12] Thus, for purposes of weighing whether the force

---

[10] Although Marciante's actions were premised on the mistaken belief that Plaintiff was involved in the drug transaction and attempting to evade arrest, the Court finds his use of force was nevertheless reasonable. E.g. Sanchez, 716 F. Supp. 2d 1195, 1202 (S.D. Fla. 2010)(finding use of force reasonable where construction worker fixing window was mistakenly considered to be a burglar); Ainsworth, 2011 WL 1791291 (M.D. Fla. May 10, 2011)(finding forcible removal from car reasonable where plaintiff was mistakenly identified as another with an outstanding warrant); Dean, 924 F.2d 364 (1st Cir. 1991)(force reasonable where plaintiff was mistakenly identified as an escaped felon).

[11] The Court observes that Plaintiff has not asked this Court to disturb the jury's finding that Marciante's "use of force of removing Plaintiff from her vehicle was excessive based on the totality of the circumstances."

[12] In its Order on Defendants' Motion For Summary Judgment, this Court determined that "arguable probable cause existed related to the drug transaction and the decision to pursue the Plaintiff." (Order, May 26, 2009 at p. 6 n. 4).

11

applied was excessive the Court considers the facts in light of the officer's perception that Plaintiff was involved in a felonious drug transaction.

### 2. Resisting or Evading Arrest

Because "the facts must be viewed from the *officers'* perspective, not Plaintiff's perspective" Sanchez, 716 F. Supp. 2d at 1204 n. 10, the Court must consider the events from the officers' perspective. Plaintiff testified that she made a prompt exit from the Taco Bell parking lot and that she hesitated and failed to fully comply with the officers' repeated directives to exit her vehicle because she did not know who they were. According to the officers' testimony, the Plaintiff's hurried driving pattern led Marciante and other officers to believe that she was involved with the drug transaction and was actively fleeing arrest. Importantly, the Plaintiff's subsequent hesitation to exit the vehicle despite the officers' directives strengthened Marciante's belief that she was resisting or evading arrest.

Courts have found equal or greater uses of force reasonable for noncompliance with an officer's directive to exit a vehicle.[13] Plaintiff's hesitation, although not physical resistance, was sufficient to elicit Marciante's use of force. Ainsworth, 2010 WL 2220247, at *6 ("neither physical resistance nor a verbal threat is a prerequisite to an officer's applying force in the course of an arrest"). See also Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993)(holding that spinning plaintiff around, pushing him against display case, and placing plaintiff "in a choke hold for about five seconds" before handcuffing was reasonable even where plaintiff raised his hands after being told he was under arrest because officer "could have interpreted this raising of hands as resistance").

---

[13] As discussed above, district courts in the Eleventh Circuit have found the forcible removal of a plaintiff from his/her vehicle *de minimis* and objectively reasonable for noncompliance with an officer's directive to exit the vehicle. Sosa, 581 F. Supp. 2d 1254 (where plaintiff claimed he parked car and raised hands); Ainsworth, 2011 WL 1791291 (where plaintiff, with driver's side door open, repeatedly refused to exit the vehicle but posed no physical resistance nor threatening conduct).

12

### 3. Danger to Officers or Others

It was established at trial that officers stood before the Plaintiff's vehicle and that Plaintiff remained in the driver's seat, with her hands on the steering wheel, despite the officer's commands to exit. Further, although Plaintiff testified that her vehicle was stationary, she did not turn off her engine.[14] Both Marciante and Officer Starnes testified that they feared Plaintiff would strike Starnes. (Trial Tr. Nov. 15, 16, 2010). Based on Plaintiff's noncompliance and the officers' belief that Plaintiff was actively fleeing arrest for a serious crime, the Court finds that under the circumstances a reasonable officer in Marciante's position would reasonably believe that allowing Plaintiff to remain in her vehicle for any extended period of time posed a risk to the safety of Officer Starnes.

In Robinson v. Arrugueta[15], the Eleventh Circuit affirmed a district court's grant of summary judgment and held that the defendant-officer's fatal shooting of a drug trafficking suspect was reasonable even where the decedent may not have been entirely in the driver's seat, the car only rolled forward at a rate of around one to two miles per hour, and the officer could have, in retrospect, avoided the vehicle by stepping aside. 415 F.3d 1252 (11th Cir. 2005). The Eleventh Circuit reasoned that because the officer was standing in the narrow space between two vehicles, the decedent was disobeying orders to put his hands up, and the car suddenly though slowly moved forward, the officer "had to make a split-second decision of whether he could escape before he got crushed." Similar to the facts in Robinson, Marciante knew that Officer Starnes stood in the narrow space between the Plaintiff's car and the police vehicle, and the Plaintiff

---

[14] Whether Plaintiff's car remained stationary was disputed. The testimony of Officers Marciante and Starnes asserted that Plaintiff's car moved forward and struck the police vehicle.

[15] Although Robinson involved a federal agent and, therefore, is a Bivens action, the Eleventh Circuit's analysis relies on Menuel v. City of Atlanta, 25 F.3d 990, 996 (11th Cir.1994), which quotes Graham v. Connor, 490 U.S. 386, 396–97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). Moreover, the Court clearly employs the Fourth Amendment objective reasonableness standard announced in Graham to determine whether the federal agent was entitled to qualified immunity.

admittedly disobeyed the officers' commands to put her hands up and exit the vehicle. Although Plaintiff testified that her car did not move forward, Marciante's concern for Officer Starnes' safety was reasonable in light of the "tense, uncertain, and rapidly evolving" circumstances. Graham, 490 U.S. at 1255. See Sanchez, 716 F. Supp. 2d at 1205 (where officer confronted with only plaintiff's inaction, officer's fear of danger was deemed reasonable and County was not liable for battery because officers do not have to "wait until the fuse reaches the charge before they are authorized to act"). In summary, a reasonable officer in Marciante's position could have perceived a danger to his fellow officers standing in front of Plaintiff's vehicle. Therefore, the Court concludes that the amount of force used by Marciante was either *de minimis*, or was objectively reasonable under the circumstances.

## IV. Conclusion

Plaintiff failed to adduce sufficient evidence for a reasonable jury to find in her favor on the assault and/or battery claim against the City. Specifically, Plaintiff did not rebut the presumption of good faith and failed to demonstrate that Marciante's use of force was clearly excessive and unreasonable under the circumstances. As discussed above, Marciante's use of force was of the type found by other courts to be *de minimis* and, therefore, not clearly excessive. Or, even if the force was more than *de minimis*, it was reasonable under the circumstances as a matter of law given the severity of the perceived crime, Marciante's reasonable belief that Plaintiff was actively evading arrest, and his belief that Plaintiff remaining in her vehicle posed a risk to the safety of a fellow officer.

Based on the above, it is ORDERED AND ADJUDGED that Defendant's Motion for Judgment as a Matter of Law is GRANTED. Defendant's motions to Alter and Amend Judgment and Dismiss are DENIED AS MOOT.

In light of this ruling, Plaintiff's motions to Amend/Correct Final Judgment and Add Post-Judgment Interest, Tax Costs Under 28 U.S.C. § 1920 and for Attorney's Fees and Costs Under Rule 37(c)(2), and for Bill of Costs are DENIED.  Defendants' Motion for Extension of Time to File Response/Reply as to Plaintiff's motion to Tax Costs and for Attorney's Fees is DENIED AS MOOT.  Plaintiff's motions for Extension of Time to File Response/Reply to Defendants' Response in Opposition of Plaintiff's Motion to Tax Costs are DENIED AS MOOT, and Motion for Hearing/Oral Argument regarding Plaintiff's motion to Tax Costs and for Attorney's Fees is DENIED AS MOOT.

DONE AND ORDERED in Chambers in Miami this 17th day of August 2011.

*/s/ Wm M Hoeveler*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
    Charles M. Baron
    Darcee S. Siegel